GENERAL MERCHANDISE EXCHANGE, INCORPORATED, PLAINTIFF-APPELLANT, v. JOSEPH GOLDMAN, DEFENDANT-APPELLEE.

Decided March 1, 1924.

**Negotiable Instruments—Consideration Presumed—Open to Rebuttal—Testimony Tending to Establish no Consideration is Question of Fact for Trial Judge (Without Jury) to Determine and not Reviewable—When There is Any Testimony Supporting Defendant and None Supporting Consideration Except the Presumption.**

On appeal from the Bayonne District Court.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Gross & Gross*.

For the appellee, *Dembe & Dembe*.

PER CURIAM.

This is an appeal from a judgment rendered in favor of the defendant, in the Bayonne District Court, the trial judge sitting without a jury.

The plaintiff's action was based upon a promissory note made and given by the defendant to the plaintiff for the sum of $405.18, dated New York, April 7th, 1915, and payable one month after date at defendant's office, 495 Broadway, Bayonne. The note was in due form.

The plaintiff's action was instituted on April 28th, 1921, within a few days of five years from the time the note matured. The state of the case discloses that on or about January 4th, 1916, a petition in bankruptcy was filed against the defendant, in which proceeding the plaintiff was scheduled as one of the defendant's creditors for the sum of $22.50; that on or about the 3d of March, 1916, the defendant filed a petition for composition with his creditors, which was successful, and the composition was confirmed on June 16th,

1916, by an order of the United States District Court. It also appeared that the composition agreement was not signed by the plaintiff herein. The state of the case further shows that when the case came on for trial, the execution of the note and the signature of the defendant being admitted, the note was offered in evidence and the plaintiff rested his case. The defendant was then sworn in his own behalf, and testified that between the 4th day of January, 1916, and May 16th, 1916 (the record has it as of the date of the note, but the fact is that the note was dated April 7th), he had no business dealings with the plaintiff; that the note was given to obtain the plaintiff's signature to the composition, who told defendant that it would give its signature thereto provided he gave it, the plaintiff, a note for the payment of the amount he owed it, including some of the accounts that the plaintiff sold through him, which accounts the defendant explains thus: "I bought some merchandise through them" (evidently meaning plaintiff corporation) "from different people." It also appeared by *Exhibit D 1* of the state of the case that the plaintiff was listed as a creditor by defendant for $22.50. This testimony does not appear to have been challenged or contradicted by the plaintiff, notwithstanding the statement of the trial judge made by him in his finding, that the defendant is evidently contradicted in saying that the purpose of giving the note was for the purpose of securing the signature of the plaintiff because the official records show that the plaintiff's signature was never procured. What the defendant testified to was as follows: "When I went to the General Merchandise Exchange to get their signature, they told me they would give me their signature, providing I gave them a note for the payment of the account owed them, including some of the accounts they sold me through. I bought some merchandise through them from different people." Thus it is to be seen that what the defendant testified to was a promise made by the plaintiff, which he might readily have believed it would perform. The production of the composition disclosed that the plaintiff did not sign it, and no testimony was offered on part of the plaintiff to ex-

plain whether or not such promise was made and why the plaintiff did not sign the composition agreement.

That the defendant was under the impression that the plaintiff signed the composition agreement is made clear from his testimony. That he might have been honestly mistaken as to that fact, after a lapse of five years, is easily conceivable.

The trial judge found, and we think properly, that at the time the note was given there was due and owing to the plaintiff only $22.50, which would have been wiped out, and was wiped out, by the approval of the composition agreement; that the testimony of the defendant stands unrefuted as to the fact that at the time the note was executed, that no business transactions had taken place between the plaintiff and the defendant.

The plaintiff did not see fit to establish that there was any consideration given by it to the defendant for the note, but relied on provisions of the Negotiable Instruments act, one of which provides that every negotiable instrument is to be deemed *prima facie*, to have been issued for a valuable consideration, and the other that absence or failure of consideration is a matter of defense as against any person not holding in due course, &c.

Of course, the presumption that there was consideration is open to its being rebutted, and when there is testimony tending to establish that there was no consideration, an issue of fact is presented for the trial judge to determine, and his finding on a question of fact, supported by testimony, is not reviewable here.

The fact that the burden of establishing the lack of consideration is upon the defendant, who asserts it, does not abrogate the legal rule that where there is any testimony tending to support the finding of a trial judge on a question of fact, such finding is not properly reviewable.

We think that the finding of the trial judge that the note sued upon was without consideration is supported by testimony, and therefore the judgment of the District Court is affirmed, with costs.